CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR - 9 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:94-cr-00078 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| REGINALD HAYDEN, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Reginald Hayden, a federal inmate, has filed an authorized successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his designation as a career offender under United States Sentencing Guideline ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. In a July 13, 2016 Order, the court stayed the case pending a decision by the Supreme Court in Beckles v. United States, No. 15-8544. Following the Supreme Court's decision in Beckles, 137 S. Ct. 886 (2017), the case was again stayed pending resolution by the United States Court of Appeals for the Fourth Circuit in United States v. Brown, No. 16-7056. Brown, too, now has been decided.[1] 868 F.3d 297 (4th Cir. 2017). Based on those decisions, and a review of the complete record, I must dismiss Hayden's § 2255 motion as untimely.

I.

Hayden was convicted, following a jury trial, of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Hayden's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as a career offender, in that he had at least two prior convictions for a crime of violence and/or a controlled substance offense, pursuant to U.S.S.G. § 4B1.1. (PSR ¶ 43 [ECF No. 191].) The predicate

---

[1] Brown filed a petition for rehearing and rehearing en banc following the panel decision. United States v. Brown, 16-7056 (4th Cir. Oct. 5, 2017). The United States Court of Appeals for the Fourth Circuit denied the petition on February 26, 2018.

offenses supporting his status as a career offender included a prior Virginia conviction for robbery and a prior Virginia conviction for felonious bodily injury to a prison official. (Id. ¶¶ 58 and 62.) On November 21, 1994, after adopting the PSR and concluding that he was a career offender, I sentenced Hayden to a total of 360 months' incarceration. Hayden appealed, but the Fourth Circuit affirmed his conviction and sentence. United States v. Hayden, 85 F.3d 153, 156 (4th Cir. 1996).

Pursuant to Standing Order 2015-5, I appointed the Federal Public Defender's Office to represent Hayden and provide briefing, if necessary, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). The Federal Public Defender's Office filed a § 2255 Motion on Hayden's behalf.

## II.

In his § 2255 petition, Hayden challenges the constitutionality of former U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and could not be used to increase a defendant's sentence. Hayden's argument that his "crime of violence" conviction no longer supports his career offender status because the residual clause in the Sentencing Guidelines is unconstitutional, however, is foreclosed by Beckles. In Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. Beckles, 137 S. Ct. at 895. In 2005, the Supreme Court established that the

Sentencing Guidelines are advisory rather than mandatory. United States v. Booker, 543 U.S. 220 (2005).

Nonetheless, in a supplemental brief, Hayden argues that the court's determination that he qualified as a career offender is governed by Johnson, not Beckles. Hayden argues that when he was sentenced in 1994, the Supreme Court had not yet held that the Sentencing Guidelines were advisory, and so he was sentenced under a mandatory Sentencing Guidelines scheme. United States v. Booker, 543 U.S. 220 (2005) (holding, in order to avoid a constitutional violation, that that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the pre-Booker mandatory Sentencing Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning set forth in Johnson applies. (Supp. § 2255 Br. 3–5 [ECF No. 199].)

The Beckles Court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory Sentencing Guidelines system that existed prior to Booker. The Fourth Circuit, in Brown, was faced with just such a situation, and ultimately concluded that the defendant was not entitled to relief because he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255 on collateral review. Brown, 868 F.3d 297, 299 (4th Cir. 2017).

Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." Id. § 2255(f)(3). The Brown court concluded that in neither Johnson nor Beckles did the Supreme Court expressly recognize the right of a defendant

to obtain relief who was sentenced as a career offender under the pre-Booker mandatory Sentencing Guidelines. Brown, 868 F.3d at 302. By leaving open that question, the Supreme Court did not "recognize" a "new right" in the mandatory Sentencing Guidelines context. Id. Accordingly, the Fourth Circuit concluded that a defendant sentenced as a career offender under the mandatory Sentencing Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). Id.

Hayden was sentenced in 1994, and his judgment became final following the denial of his appeal in 1996. He did not file this § 2255 petition until 2016, 20 years after his judgment became final. Accordingly, his petition is untimely and must be dismissed. Id. at 304.

### III.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Hayden has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTERED** this ____ day of April, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE